IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN FISK, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-cv-3308-G (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the Court recommends that the petition be dismissed.

On September 5, 2012, Petitioner pleaded guilty to aggravated sexual assault of a child under the age of fourteen. *State of Texas v. Jonathan Fisk*, No. F-11-16520-I (Crim. Dist. Ct. No. 2, Dallas County, Tex., Sept. 5, 2012). The court sentenced him to eight years deferred adjudication probation. On October 12, 2015, the court revoked Petitioner's probation and sentenced him to ten years in prison. He did not file an appeal.

On October 4, 2016, Petitioner filed a state habeas petition. *Ex parte Fisk*, No. 86,014-01. On November 23, 2016, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On November 28, 2016, Petitioner filed the instant § 2254 petition. He argues the trial court lacked jurisdiction to convict him because the juvenile court abused its discretion when it transferred the case from juvenile court to the criminal district court.

On March 10, 2017, Respondent filed her answer arguing, *inter alia*, that the petition is time-barred. Petitioner did not file a reply.

II.

**A. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner's claim that the trial court lacked jurisdiction challenges his September 5, 2012, guilty plea and sentence of deferred adjudication probation. The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

Petitioner did not appeal from his September 5, 2012, placement on deferred adjudication probation. His judgment of deferred adjudication probation therefore became final thirty days later on October 5, 2012. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until October 5, 2013, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 4, 2016, Petitioner filed a state habeas petition. This petition was filed after the AEDPA limitations period expired, it therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by October 5, 2013. He did not file his petition until November 28, 2016. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not alleged that he was misled about his habeas remedies or prevented in some extraordinary way from filing his petition. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed February 20, 2018.

                                                       REBECCA RUTHERFORD
                                                       UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND <br> NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).